1  Eugene P. Ramirez, Esq., SBN 134865
   Andrea M. Travis, Esq., SBN 207838
2  MANNING & MARDER
   KASS, ELLROD, RAMIREZ LLP
3  15th Floor at 801 Tower
   801 South Figueroa Street
4  Los Angeles, CA 90017
   Telephone: (213) 624-6900
5  Facsimile: (213) 624-6999
   Email: epr@mmker.com; amt@mmker.com
6
   Attorneys for Defendants,
7  COUNTY OF SAN BERNARDINO, SAN BERNARDINO SHERIFF'S
   DEPARTMENT, SHERIFF-CORONER ROD HOOPS, SHERIFF'S DEPUTIES
8  KARI KLAUS, MARK LEWIS, KEVIN WARNER, SAN BERNARDINO
   COUNTY PROBATION OFFICER POINDEXTER



FILED
CLERK, U.S. DISTRICT COURT
JUL 2 7 2010
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES WRIGHT, by and through his Guardian Ad Litem, Gloria Blakely,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; SAN BERNARDINO SHERIFF'S DEPARTMENT, SHERIFF-CORONER ROD HOOPS, SHERIFF'S DEPUTIES KARI KLAUS, MARK LEWIS, KEVIN WARNER, SAN BERNARDINO COUNTY PROBATION OFFICER POINDEXTER, AND DOES 1 THROUGH 10, Inclusive,<br><br>Defendants. | Case No.: CV 09-7057-VBF (RCx)<br><br>[Honorable Valerie Baker Fairbank]<br><br>[PROPOSED] ORDER RE STIPULATION FOR ENTRY OF A PROTECTIVE ORDER<br><br>NOTE CHANGES MADE BY THE COURT |

The Court hereby grants the Protective Order for the production of various documents during the discovery phase of this case, as stipulated by the parties.

IT IS SO ORDERED that:

1.  For the purposes of this Order, Confidential Materials include, but are not limited to:

G:\docsdata\EPR\Wright\Pldgs\Protective Order.PO.wpd

1

- Personnel Records including, but not limited to, background, new hire documentation, personal information and data, medical records, payroll and financial information, education records, performance evaluations and narrative, commendations, and investigative and disciplinary memoranda and documents.
- Training Records including, but not limited to, statements, memoranda and/or notes indicating performance; test scores; and supplemental reports indicating performance.
- Administrative investigations including, but not limited to, use of force investigations and reporting, complaints, and statements, memoranda and/or notes related to investigation.
- Personnel and Training Records concerning third parties.

## GOOD CAUSE STATEMENT

2. The County of San Bernardino maintains information of a highly personal and confidential nature in employee personnel and training files. Information, which is protected by the employee's right to privacy, includes information such as performance evaluations, discipline and compensation. Demographic information and information related to medical treatment and conditions is also included. Information included in the employee personnel files is not disclosed except in limited circumstances. Training records also include sensitive and candid information pertaining to employee performance, fitness for duty and discipline.

3. The County of San Bernardino does not routinely share information contained in internal affairs or other investigative files about its employees unless ordered to by a court of jurisdiction. Within the San Bernardino County Sheriff's Department, access to personnel, internal affairs and administrative investigations files, is restricted to those on a "need to know" basis. Controlled access to the files is regarded by the San Bernardino County Sheriff's Department is essential to assure the integrity and security of such files. The County of San Bernardino Probation

Department has implemented similar measures to preserve the integrity of such files.

4. Defendants contend that uncontrolled disclosure of information gathered during an Internal Affairs or other administrative investigation, and investigation case file information generally, can disrupt the vital, day-to-day operations of the San Bernardino County Sheriff and Probation Departments; erode the integrity and security of the files; affect the morale of San Bernardino County personnel; and frustrate the legitimate purposes of gathering the information in these files.

5. Police personnel records are deemed confidential by federal decisional law. *Sanchez v. Santa Ana Police Department*, 936 F.2d 1027, 1033-34 (9th Cir. 1990). Defendants contend that police personnel files and internal affairs and administrative investigation files include information which is both personal in nature and which could potentially impact the liberty interests of the involved police officers named within those files. Defendants further contend that unfettered release of internal affairs investigation files has the potential for untold negative results.

6. First, defendants contend that information contained in an internal affairs and administrative investigation case file is gathered and maintained in confidence by the San Bernardino County Sheriff's Department. The information gathered in these case files includes the statements of third party witnesses that were collected in confidence. Witnesses are told that the confidentiality of their statements will be protected and that they are for the confidential use of the Sheriff's Department. These files often contain private information such as dates of birth, social security numbers, drivers' license numbers, names of relatives, etc. and embarrassing facts. At a minimum, defendants believe that uncontrolled release of the case file would cause a needless intrusion of privacy rights. The ability to collect third party witness statements in confidence is essential in order to have honest and open discussions.

7. Furthermore, defendants contend that internal affairs and administrative investigation files are reviewed by appropriate command officers in the San

Bernardino County Sheriff's Department for several reasons: (1) to determine whether the involved deputies violated any San Bernardino County Sheriff's Department policies or procedures; (2) to determine whether administrative discipline and/or retraining of the involved deputies is necessary; (3) to ascertain if San Bernardino County Sheriff's Department policies and procedures in areas such as supervision, training, and tactics should be modified. Defendants believe that internal affairs and administrative investigation files are an essential instrument that the San Bernardino County Sheriff's Department uses to conduct a careful, critical self evaluation so that it may better serve the citizens of San Bernardino County. Honest and candid analysis and discussion is necessary to determine whether errors were committed and to prevent further mistakes if any are discovered. Widespread dissemination of internal affairs and administrative investigation files may discourage frank discussions about internal matters in the future and may prevent remedial measures.

8. Defendants contend that the San Bernardino County Sheriff's Department's ability to engage in critical self-analysis will be greatly inhibited by random and uncontrolled release of information from internal affairs and administrative investigation files. It is not unusual that statements made to deputies assigned to conduct such investigations include those that are against the self-interest of the interviewed witnesses – often against the penal interests of those involved as statements given could lead to criminal liability.

9. Defendants further contend that deputies do not have the same rights as typical citizens when submitting to an internal affairs and administrative investigation interview. Though they may invoke the 5th Amendment right against self-incrimination, they are compelled to give a statement in order to remain employed. Deputies are informed that they must cooperate in the investigation and that a failure to cooperate will subject them to discipline, up to and including discharge from office. California law authorizes this procedure and prevents

statements so obtained from being used in any subsequent criminal proceeding. Defendants contend that it seems contrary to the principles of fundamental fairness to allow unfettered release of internal affairs and administrative investigation case files when a deputy's statement has been compelled. Unfettered exposure of information in internal affairs and administrative investigation files could threaten the safety and well-being of the individuals who provide information, as well as the safety and well-being of their families and their associates.

10. Though plaintiff may be entitled to examine the information in select files for the purposes of his own personal lawsuit, there is no other valid reason to have a copy of the files or information contained therein and defendants contend that a protective order is necessary to prevent random distribution. This Stipulation and Protective Order also requires plaintiff to return the documents at the conclusion of this lawsuit. Defendants believe this requirement ensures that the intrusion into the privacy and employment rights of those involved is limited to the particular case in which the facts are relevant.

11. Defendants contend that the interest in having critical self-analysis held by the citizens of San Bernardino County far outweighs plaintiff's interest, if any, in an uncontrolled release.

12. Plaintiff, through his counsel of record, has executed this Stipulation and [Proposed] Protective Order, and is therefore not requesting an uncontrolled release of the confidential documents. The defendants respectfully request the procedural protections listed below in this case.

**TERMS OF THE PROTECTIVE ORDER.**

13. Defendants and Plaintiff have agreed that the below-listed documents and all information derived therefrom shall be designated confidential documents and/or writings because Defendants believe, in good faith, that these documents and/or writings are privileged, confidential, private and/or are of a sensitive nature. For the purposes of this Order, Confidential Materials include, but are not limited to:

- Personnel Records including, but not limited to, background, new hire documentation, personal information and data, medical records, payroll and financial information, education records, performance evaluations and narrative, commendations, and investigative and disciplinary memoranda and documents.
- Training Records including, but not limited to, statements, memoranda and/or notes indicating performance; test scores; and supplemental reports indicating performance.
- Administrative investigations including, but not limited to, use of force investigations and reporting, complaints, and statements, memoranda and/or notes related to investigation.
- Personnel and Training Records concerning third parties.

14. The Confidential Documents and all information derived therefrom shall be treated in accordance with the terms of this Stipulation and Protective Order.

15. The Confidential Documentation being provided pursuant to this Protective Order will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect. The documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order. The "Confidential" Watermark shall not obscure the writings on the document's legibility and shall not be repeated more than once per page.

16. Plaintiff's counsel alone will have custody, control and access to the Confidential Documents and will be prohibited from releasing or disseminating them, or the information contained within them to other persons. ~~including legal counsel other than set in paragraph 21 herein.~~

17. Confidential Documents shall be used solely in connection with this litigation and the preparation and trial of this case, or any related appellate

proceedings, and not for any other purpose, including any other litigation, and may not be disclosed or disseminated to other persons, ~~including any other counsel other than as set forth herein~~.

18. Plaintiff's counsel may make copies of the reports and files, but plaintiff's counsel will be prohibited from releasing or disseminating such copies or the information contained within such copies other than as set forth herein.

19. The documents subject to the Court's production order may be submitted in all law and motion proceedings up to the commencement of trial if done so pursuant to Local Rule 79-5 which states:

> Except when authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing. Applications and Orders to Seal, along with the material to be placed under seal shall not be electronically filed, but shall be filed manually in the manner prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be electronically filed identifying materials being manually filed.

20. The parties agree to seek guidance from the Court at the time of trial regarding the procedure for lodging or filing of Confidential Documents under seal. Though this Stipulation and Protective Order does not apply to the handling of

documents as exhibits after the commencement of trial, plaintiff agrees to not file or lodge the Confidential Documents with the Court until the guidance from the Court on this issue is obtained. Nothing contained herein shall prejudice any party's rights to object to the introduction of any Confidential Documents into evidence, on grounds including but not limited to relevance and privilege.

21. All disputes regarding this Stipulation and Protective Order shall be handled pursuant to Local Rule 37. The parties will attempt to resolve any issue pursuant to Local Rule 37 before submitting the issue to the Court. In the event of a dispute, the parties will continue to treat the document(s) at issue as confidential and subject to this Stipulation and Protective Order until the Court rules upon the dispute.

22. The Confidential Documents may be disclosed to the following persons:
    (a) counsel for any party to this action;
    (b) paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph a;
    (c) court personnel including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial in this action;
    (d) any outside expert or consultant retained in connection with this action, and not otherwise employed by either parties ;
    (e) any "in-house" or outside experts designated by the defendants to testify at trial in this matter; and
    (f) any party or witnesses to this action. [handwritten: other than to court personnel (22(c))]

23. Confidential Documents disclosed [handwritten: to] will explicitly require inclusion of a copy of this Stipulation and Protective Order and written instructions from counsel directing compliance with same and no such copy will be transmitted or turned over to the possession of the individual plaintiffs.

24. If, in connection with any deposition taken in this action, plaintiff's attorneys question a witness regarding Confidential Documents, or uses them as

G:\docsdata\EPR\Wright\Pldgs\Protective Order.PO.wpd

deposition exhibits, at the request of defense counsel, the transcripts of such deposition testimony and the attached exhibits shall be designated as Confidential Documents and shall be subject to the provisions of this Stipulation and Protective Order.

25.    This Stipulation and Protective Order is not intended to prevent officials or employees of the County of San Bernardino or other authorized government officials from having access to the documents if they would have had access in the normal course of their job duties.

26.    Defendants' decision to enter into this Stipulation and Protective Order is made without waiver of the privileges and rights afforded to them, including, but not limited to, the right to privacy embodied by the United States Constitution or the right to object at the time of trial to the admissibility of such or to preclude defendants from filing pre-trial motions with regard to the admissibility thereof or the information contained therein.

27.    Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Documents and all copies thereof, shall be returned to Manning & Marder, Kass, Ellrod, Ramirez, 801 S. Figueroa Street, 15th Floor, Los Angeles, California 90017. All Confidential Documents provided to any person or party, pursuant to any provision hereof, also shall be returned to Manning & Marder, Kass, Ellrod, Ramirez.

28.    If any party who receives Confidential Documents receives a subpoena or other request seeking them, he, she or it shall immediately give written notice to counsel for Defendants, identifying the Confidential Documents sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation/protective order so as to afford defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Documents. Other than objecting on the grounds of this protective

order, no party shall be obligated to seek an order barring production of Confidential Documents, which obligation shall be borne by defendants. However, in no event should production or disclosure be made without written approval by defendants' counsel unless required by Court Order arising from a motion to compel production or disclosure of Confidential Documents.

29. The provisions of this Protective Order shall be in effect until further Order of the Court or Stipulation by counsel for the parties.

Dated: July 27, 2010

ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

G:\docsdata\EPR\Wright\Pldgs\Protective Order.PO.wpd